FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 19 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

NEIL WISE and JILL WISE, Each Individually      PLAINTIFFS
and on Behalf of All Others Similarly Situated

vs.                          No. 2:23-cv-213-LPR

AMBULANCE SERVICES OF FORREST CITY, LLC                DEFENDANT

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Neil Wise and Jill Wise (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Sean Short of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant Ambulance Services of Forrest City, LLC ("Defendant"), they state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ray

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect within the Delta Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

## III.   THE PARTIES

7. Plaintiff is an individual and resident of White County.

8. Defendant is a domestic limited liability company, registered and licensed to do business in the State of Arkansas.

9. Defendant's registered agent for service of process in Arkansas is C T Corporation System, 124 West Capitol Ave., Suite 1900, Little Rock, Arkansas 72201.

## IV.   FACTUAL ALLEGATIONS

10. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant's primary business is providing emergency medical services.

12. Defendant's primary facility is located in Forrest City, St. Francis County, Arkansas.

13. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

14. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

15. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

16. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

17. Defendant employed Plaintiff Neil Wise as a Paramedic from approximately December of 2021 until approximately September of 2022.

18. Defendant employed Plaintiff Jill Wise as a Paramedic from approximately December of 2021 until present.

19. Defendant also employed other hourly employees to perform the work necessary to its business within the three years preceding the filing of this lawsuit. "Hourly Employees" who received incentive bonuses include, but are not limited to, EMTs, Paramedics and Nurses (hereinafter, "Hourly Employees").

20. Defendant directly hired Plaintiffs and other Hourly Employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

### A. Bonuses—Regular Rate Violation

22. In addition to their hourly wage, Plaintiffs regularly received nondiscretionary bonuses.

23. Specifically, Plaintiffs received a sign on bonus and bonuses when they worked additional shifts ("incentive bonuses").

24. The incentive bonuses are nondiscretionary because they are based on objective and measurable criteria, and because Plaintiffs expected to receive the incentive bonuses and did in fact receive the incentive bonuses on a regular basis.

25. Upon information and belief, all or most Hourly Employees received incentive bonuses.

26. Defendant informs Plaintiffs and other Hourly Employees of the incentive bonuses upon hiring because the bonuses are part of Defendant's compensation package. Hourly Employees expect to receive the bonuses.

27. Because of the volume of work required to perform their jobs, Plaintiffs and other Hourly Employees regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

28. Defendant paid Plaintiffs and other Hourly Employees 1.5x times their base hourly rate for the hours they worked over 40 in a workweek.

29. However, Defendant did not include the incentive bonuses that were paid to Plaintiffs and other Hourly Employees in their regular rates when calculating their overtime pay even though Plaintiffs and other Hourly Employees received the incentive bonuses in pay periods in which they also worked in excess of forty hours per week.

30. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

31. Defendant violated the FLSA and AMWA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiffs and other Hourly Employees, in their regular rate when calculating their overtime pay.

32. Upon information and belief, Defendant's pay practices were the same for all Hourly Employees who received incentive bonuses.

33. Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

34. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other Hourly Employees violated the FLSA and AMWA.

**B.  Rounding—Off the Clock Work**

35. Plaintiffs and other Hourly Employees' hours worked were recorded by their supervisor, who logged their hours into a payroll system maintained by Defendant.

36. Plaintiffs and other Hourly Employees were not paid for all hours worked.

37. Defendant's rounding practice resulted in hours worked by Hourly Employees which went unrecorded and uncompensated.

38. Because Plaintiffs and other Hourly Employees regularly worked over forty hours in a week, the hours which went uncompensated due to Defendant's rounding practices created additional overtime violations.

39. Defendant knew or should have known that Plaintiffs and other Hourly Employees were working hours off-the-clock for which they were not compensated.

40. Upon information and belief, Defendant's rounding policies were the same for all Hourly Employees.

41. At all relevant times herein, Defendant has deprived Plaintiffs and other Hourly Employees of proper overtime compensation for all of the hours worked over forty per week.

42. Defendant knew or showed reckless disregard for whether the way it paid Plaintiffs and other Hourly Employees violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

43. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Regular wages and overtime premiums for all hours worked over forty hours in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

45.    Plaintiffs propose the following collective under the FLSA:

> **All Hourly Employees who received an incentive bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

46.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

47.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They had the same or substantially similar job duties and responsibilities;

    B.    They were paid hourly;

    C.    They were eligible for and received nondiscretionary bonuses;

    D.    They worked over forty hours in at least one week in which they performed work related to a bonus;

    E.    They were subject to Defendant's common policy of rounding their time in favor of Defendant; and

F.  They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

49. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds 20 persons.

50. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

51. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

52. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

53. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

54. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

58. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs 1.5x her regular rate for all hours worked in excess of 40 per week.

59. Defendant failed to pay Plaintiff for all hours worked.

60. Defendant knew or should have known that its actions violated the FLSA.

61. Defendant's conduct and practices, as described above, were willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

63. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

65. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

66. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

67. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

68. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

69. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

70. Defendant failed to pay Plaintiffs and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

71. Defendant failed to pay Plaintiff and other similarly situated employees for all hours worked.

72. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

73. Defendant knew or should have known that its actions violated the FLSA.

74. Defendant's conduct and practices, as described above, were willful.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations

which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

76. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
#### (Individual Claims for Violation of the AMWA)

78. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

79. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

80. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

81. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

82. Defendant classified Plaintiffs as nonexempt from the requirements of AMWA.

83. Defendant failed to pay Plaintiffs overtime wages as required under the AMWA for all hours that Plaintiffs worked in excess of forty per week.

84. Defendant knew or should have known that its practices violated the AMWA.

85. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

86. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Neil Wise and Jill Wise, individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**NEIL WISE and JILL WISE,
Each Individually and
on Behalf of All Others
Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com