IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**NEIL WISE and JILL WISE, individually and on behalf of all others similarly situated**　　　　　　　　　　**PLAINTIFFS**

**V.**　　　　　　　　　　**CASE NO. 2:23-cv-213-LPR**

**AMBULANCE SERVICES OF FORREST CITY, LLC.**　　　　　　　　　　**DEFENDANT**

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

---

**ZACHARY B. BUSEY**
Arkansas Bar No. 2016223
zbusey@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
*Pro Hac Vice Forthcoming*
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendant Ambulance Services of Forrest City, LLC*

4855-8647-1066

I.     **INTRODUCTION**

This is an action filed under the Fair Labor Standards Act and the Arkansas Minimum Wage Act.  (Complaint, Doc. 1, ¶ 1.)  Plaintiffs bring individual claims under both.  Plaintiffs further seek relief on behalf of an FLSA collective comprised of current and former employees.  (*See, e.g.*, *id.*, ¶ 44.)  Plaintiffs' AMWA claim should be dismissed because it is preempted by their identical FLSA claim.  Notwithstanding preemption, neither Plaintiffs' FLSA claim nor their AMWA claim has been plausibly pleaded.  Without an individual claim, Plaintiffs' FLSA collective claim must be dismissed.  For these and the reasons detailed below, Plaintiffs' claims and this lawsuit should be dismissed.

II.    **PLAINTIFFS' COMPLAINT**

As it must, Defendant takes the relevant facts as they are pleaded in the Complaint.  "Defendant's primary business is providing emergency medical services." (Complaint, ¶ 11.)  "Defendant employed Plaintiff Neil Wise as a Paramedic from approximately December of 2021 until approximately September of 2022."  (*Id.*, ¶ 17.)  "Defendant employed Plaintiff Jill Wise as a Paramedic from approximately December of 2021 until present." (*Id.*, ¶ 18.)  Plaintiffs were classified as "nonexempt" and paid an "hourly wage." (*Id.*, ¶ 21.)  "In addition to their hourly wage, Plaintiffs regularly received nondiscretionary bonusses." (*Id.*, ¶ 22.)  Plaintiffs "regularly or occasionally worked in excess of forty hours per week."  (*Id.*, ¶ 27.)  While "Defendant paid Plaintiffs and other Hourly Employees 1.5x times their base hourly rate for the hours they worked over 40 in a workweek . . . . Defendant did not include the incentive bonuses that were paid to Plaintiffs and other Hourly Employees int their regular rates when calculating their overtime pay." (*Id.*, ¶¶ 28-29.)

Plaintiffs also allege that "Defendant's rounding practice resulted in hours worked by Hourly Employees which went unrecorded and uncompensated." (*Id.*, ¶ 37.) Specifically, "[b]ecause Plaintiffs and other Hourly Employees regularly worked over forty hours in a week, the hours which went uncompensated due to Defendant's rounding practices created additional overtime violations." (*Id.*, ¶ 38.) Against this backdrop, Plaintiffs assert the claims identified above: (i) an FLSA overtime claim; (ii) an FLSA collective claim; and (iii) an AMWA overtime claim.

### III.   LEGAL STANDARDS

To survive a motion to dismiss, a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In evaluating the sufficiency of a complaint, a court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party." *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir. 2013) (internal quotation omitted).

That said, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*,

550 U.S. at 555).  A court should likewise disregard "legal conclusions."  *Id*.   In sum, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "[W]here," like here, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  A court, in response, can and should dismiss the complaint.

## IV.   ARGUMENTS & AUTHORITIES

### A.   Plaintiffs' AMWA claim should be dismissed because it is preempted by their identical FLSA claim.

The Eighth Circuit has not yet addressed the issue of whether remedies under the FLSA are exclusive.  This, however, is not the issue Defendant raises.  Defendant does not contend that the FLSA's remedies are exclusive—not in general and not in this Motion.  Several district courts within this Circuit have similarly held that the FLSA does not preempt state law claims when there is a common core of operative facts.[1]  Here too, however, this is not the issue Defendant raises.  Defendant does not contend that preemption applies when federal and state law claims arise out of a common core of operative facts—not in general and not in this Motion.  Instead, with this Motion, Defendant's contention is far narrower and far more specific.  Defendant argues that when a plaintiff pleads an FLSA overtime claim and an identical AMWA overtime claim, the FLSA overtime claim preempts the AMWA overtime claim.  This is based on the "conflict preemption" doctrine and, here, it should result in the dismissal of Plaintiff's AMWA claim.

---

[1] *See, e.g.*, *Cortez v. Neb. Beef, Inc.*, 266 F.R.D. 275 (D. Neb. 2010); *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 886 (N.D. Iowa 2008); *Robertson v. LTS Mang. Services, LLC*, 642 F. Supp. 2d 922, 928 (W.D. Mo. 2008); *Osby v. Citigroup, Inc.*, 2008 WL 2074102 (W.D. Mo. May 14, 2008).

The "conflict preemption" doctrine controls when "a party's compliance with both federal and state law would be impossible or where state law would pose an obstacle to the accomplishment of congressional objectives." *In re Aurora Dairy Corp. Organic Milk Marketing & Sales Practices Litig.*, 621 F.3d 781, 794 (8th Cir. 2010) (quotations omitted). Although the FLSA is not the exclusive remedy for wage-and-hour violations, it is the "exclusive remedy for enforcement of rights created under the FLSA." *Roman v. Maietta Const., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998). The FLSA right that is relevant in this case is the payment of overtime wages, and there can be no dispute that this right was created under the FLSA. Because the FLSA creates this right, it provides the exclusive remedy for enforcement of it. A plaintiff is free to pursue a broader or different right under a state law, like the AMWA. But, to the extent a plaintiff pursues a right created under the FLSA—here, the payment of overtime wages—the FLSA controls. Nothing about Plaintiffs' AMWA overtime claim is broader or different than his FLSA overtime claim. They are identical in every respect and, as a result, here, the FLSA preempts Plaintiffs' AMWA claim.

This Court has reached a similar conclusion before, albeit by taking a different path. In *Johnson*, for example, confronted with identical claims under the FLSA and AMWA, the Court explained that it is "unpersuaded that the parties need to do essentially the same thing in two different ways at the same time. The duplication seems to promise both needless effort and confusion." *Johnson v. Arkansas Convalescent Centers, Inc.*, 2013 WL 3874774, at *2 (E.D. Ark. July 25, 2013); *accord Helmert v. Butterball, LLC*, 805 F. Supp. 2d 655, 663, n.8 (E.D. Ark. 2011) ("The AMWA provides no greater overtime protections than the FLSA; rather, the overtime protections it affords are equal to those afforded under the FLSA."). Here, too, the duplicative claims seem to promise, at a minimum, needless effort. Defendant is not asking the

Court to deprive Plaintiffs of any right or argument.  Rather, Defendant simply asks the Court to eliminate identical pursuits of the same right.  Plaintiffs' AMWA overtime claim, compared to their FLSA overtime claim, is an identical pursuit of the same right.  They are identical in every respect.  Plaintiffs' FLSA overtime claim, therefore, preempts their AMWA overtime claim, and the second claim should be dismissed.

> **B.     Notwithstanding preemption, Plaintiffs have not plausibly pleaded their overtime claims.**

For the purposes of this section, "overtime claims" collectively refers to Plaintiffs' FLSA overtime claim and their AMWA overtime claim.  Plaintiffs' overtime claims are based on two theories: (1) a regular rate violation (*see, e.g.*, Complaint ¶¶ 22-34) and (2) off the clock work (*id.* at ¶¶ 35-42).  With respect to the regular rate violation, Plaintiffs allege that while "Plaintiffs regularly received nondiscretionary bonusses" (*id.*, ¶ 22), "Defendant did not include the incentive bonuses that were paid to Plaintiffs and other Hourly Employees int their regular rates when calculating their overtime pay." (*Id.*, ¶29.)  With respect to the "off the clock work," Plaintiffs' allege that Defendant had a "rounding practice" that "resulted in hours worked by Hourly Employees which went unrecorded and uncompensated" thereby creating "additional overtime violations."  (*Id.*, ¶ ¶ 37-38.)   These claims, as pleaded, are not plausible.[2]  Plaintiffs have failed to plead sufficient facts to make their overtime claims plausible[3].

Although Plaintiffs have sufficiently pleaded facts establishing their employment with Defendant, at least for purposes of this Motion, they have not sufficiently pleaded facts to make their overtime claims plausible.  In terms of factual allegations, as detailed above, Plaintiffs plead that they were classified as "nonexempt" and paid an "hourly wage." (Complaint ¶ 21.)

---

[2] The pleading standards for establishing an AMWA claim should be substantially similar to the pleading standards for establishing an FLSA claim.  In fact, when construing the AMWA, "a court may look for guidance to state and federal decisions interpreting the [FLSA]." Ark. Code Ann. § 11-4-218(f) (West 2019).

[3] Although contemplated for by the FLSA and AMWA, Plaintiffs do not bring minimum wage claims.

Plaintiffs "regularly or occasional worked in excess of forty hours per week." (*Id.*, ¶ 27.) While "Defendant paid Plaintiffs and other Hourly Employees 1.5x times their base hourly rate for the hours they worked over 40 in a workweek . . . . Defendant did not include the incentive bonuses that were paid to Plaintiffs and other Hourly Employees int their regular rates when calculating their overtime pay." (*Id.*, ¶¶ 28-29.)

As for any week or period of time in which they (supposedly) were not paid overtime, Plaintiffs' Complaint is devoid of any factual allegation plausibly establishing this. The Eighth Circuit has not addressed the level of detail required to properly plead an off-the-clock theory of recovery, as Plaintiff appears to be doing, *see, e.g.*, *Ash v. Anderson Merch., LLC*, 799 F.3d 957, 962 (8th Cir. 2015), but that is of little consequence given Plaintiff pleads no detail at all. There are no factual allegations in the Complaint so as to make their overtime claims plausible.

To be sure, to sufficiently plead an FLSA claim, "a complainant must show 'as a matter of just and reasonable inference' the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA." *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x. 331, 340 (11th Cir. 2011) (internal quotations omitted). A failure to do so can and should result in dismissal of a plaintiff's complaint. *See, e.g., Rance v. Rocksolid Granit USA, Inc.*, 292 F. App'x. 1, 2 (11th Cir. 2008) (affirming Rule 12(b)(6) dismissal based upon the plaintiff-employee's failure to provide information in the complaint or exhibits about "the amount and extent of [the employee's] work"). For an off-the-clock theory of recovery in particular, a plaintiff-employee must provide at least some approximation of the off-the-clock hours his or her employer required and when those hours were worked. *See, e.g.*, *Lagos v. Monster Painting, Inc.*, 2011 WL 6887116, at *2 (D. Nev. Dec. 29, 2011) ("Plaintiffs' complaint contains no factual allegations that would provide even an approximation of the overtime hours worked, the

regular hourly or weekly wage, or the amount of unpaid overtime wages.").[4]  "A complaint that is devoid of such factual detail," such as Plaintiffs' Complaint, "does not properly state a FLSA unpaid wages claim." *Ray*, 2012 WL 4591922, at *2.[5]

Moreover, Plaintiffs allege no facts at all relating to how Defendant's alleged rounding policy created "additional overtime violations." (Complaint ¶ 38.)  Instead, Plaintiffs baldly allege that "Defendant's rounding practice resulted in hours worked by Hourly Employees which went unrecorded and uncompensated" (*id.* at ¶ 37) without providing any detail explaining how Defendant's alleged rounding practice resulted in unrecorded and uncompensated time. Plaintiffs' allegations seem to imply that because Defendant had a rounding practice, it must have resulted in time which went "unrecorded and uncompensated" and as a result violated the FLSA and AMWA.  (*See*, *e.g.*, *id.* at ¶¶ 35-42.)  However, rounding practices are not *per se* unlawful as implied by Plaintiffs.  In fact, rounding is permissible "provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. §785.48; *see*, *e.g.*,

---

[4] *See also Landers v. Quality Comm's*, 771 F.3d 638, 645 (9th Cir. 2014) (affirming that "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."); *Davis v. Abington Mem'l Hosp'l*, 765 F.3d 236 (3rd Cir. 2014) (holding that nurses and other patient-care professionals failed to state a claim under the FLSA for unpaid overtime because they did not allege any workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours); *DeJesus v. HF Management Services, LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (allegations that the plaintiff worked "more than forty hours per week during 'some or all weeks' of her employment" and was not paid time-and-a-half for each hour in excess of 40 hours amounted only to a recitation of the statutory language of the FLSA and were insufficient to state a claim); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("Plaintiffs have merely alleged that they were not paid for overtime hours worked. These allegations – that Plaintiffs were not compensated for work performed during meal breaks, before and after shifts, or during required trainings – raise the possibility that Plaintiffs were undercompensated in violation of the FLSA . . . [H]owever, absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim for such relief."); *Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) ("where the plaintiff alleges violations of the FLSA's minimum . . . wage provision[], the complaint should, at least approximately, allege the hours worked for which these wages were not received.").

[5] *Cf. Calle v. Chul Sun Kang Or*, 2012 WL 163235, *3 (D. Md. Jan 18, 2012) (holding "allegations, which detail the type of work activities that occupied [employee's] overtime hours as well as the approximate number of hours . . . provide Defendant with sufficient notice about the basis of [the employee's] FLSA claim to enable him to form a response.").

*Corbin v. Time Warner Entertainment-Advance Newhouse Partnership*, 821 F.3d 1069, 1076 (9th Cir. 2016) (quoting district court approvingly, and noting the district court found "an employer complies with the federal regulation if it 'applies a consistent rounding policy that, on average, favors neither overpayment nor underpayment'"). Additionally, in a 2019 opinion letter, the Wage and Hour Division reiterated this point and noted that "it has been our policy to accept rounding to the nearest five minutes, one-tenth of an hour, one-quarter of an hour, or one-half hour as long as the rounding averages out so that the employees are compensated for all the time they actually work." WH Op. FLSA 2019-9, 2019 WL 2914105 (July 1, 2019). Accordingly, Plaintiffs bare allegations that a rounding policy was in effect is insufficient to state a claim for overtime violations. Plaintiffs, in sum, have failed to plead sufficient facts to make their overtime claims plausible. The claims should be dismissed accordingly.[6]

### C. Without an individual claim, Plaintiffs' FLSA collective claim must be dismissed.

Because Plaintiffs have not pleaded plausible individual claims, as set forth above, their collective claims cannot survive and must be dismissed. Courts have made clear that FLSA collective claims depend on whether the "named plaintiffs are similarly situated to the putative class." *Murray v. Silver Dollar Cabaret, Inc.*, 2017 WL 514323, at *2 (W.D. Ark. Feb. 8, 2017).

---

[6] *See also St. Croix v. Genentech, Inc.*, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012) (dismissing employee's complaint for failure to state an overtime claim under the FLSA due to the lack of factual basis from which the Court could make a just and reasonable inference as to the amount and extent of her work); *Jones v. Imaginary Images, Inc.*, 2012 WL 3257888, at *11 (E.D. Va. Aug. 8, 2012) ("Plaintiff fails to indicate the compensation he was entitled to or the number of hours he worked without compensation. The Court therefore finds that Plaintiffs Amended Complaint is devoid of facts to properly state an FLSA unpaid wages claim."); *Ray v. Bon Secours-St. Francis Xavier Hosp.*, 2012 WL 4591922, at *2 (D.S.C. Oct. 1, 2012) (holding the "plaintiff must sufficiently indicate the compensation he was entitled to and the number of hours worked without proper compensation to survive a motion to dismiss"); *Attanasio*, 2011 WL 5008363, at *8 ("A FLSA pleading requires some coherent approximation of time owed."); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) ("At a minimum, [a complaint alleging violations of Section 207] must set forth the approximate number of unpaid regular and overtime hours allegedly worked."); *Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (explaining "the complaint should, at least approximately, allege the hours worked for which these wages were not received" to state an FLSA claim).

If the named plaintiff is without an individual claim, a court cannot identify a similarly situated collective.  *See, e.g.*, *In re Family Dollar FLSA Litig.*, 637 F.3d 508, 519 (4th Cir. 2011) ("Without a viable claim, [plaintiff] cannot represent others whom she alleged were similarly situated.").  And if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . a claim must be dismissed . . . ."  *Reyes v. Warner*, 2018 WL 7270883, at *2 (E.D. Ark. Nov. 16, 2018).

Plaintiffs, here, have failed to plausibly plead an individual claim under the FLSA.  Their related collective claim, therefore, is a claim on which no relief could be granted.  The claim should be dismissed.

## V.     CONCLUSION

Based on the foregoing arguments and authorities, Defendant respectfully requests that the Court grant this Motion and dismiss this lawsuit with prejudice.  Defendant requests any additional relief the Court deems warranted under the circumstances.

Respectfully submitted, this, the 3rd day of January, 2024.

> **ZACHARY B. BUSEY**
> Arkansas Bar No. 2016223
> zbusey@bakerdonelson.com
>
> **DEAN J. SHAUGER**
> Tennessee Bar No. 39746
> *Pro Hac Vice Forthcoming*
> dshauger@bakerdonelson.com
>
> BAKER, DONELSON, BEARMAN
>    CALDWELL & BERKOWITZ, P.C.
> 165 Madison Avenue, Suite 2000
> Memphis, Tennessee 38103
> (901) 526-2000 – telephone
>
> *Attorneys for Defendant*