# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**NEIL WISE and JILL WISE, individually and on behalf of all others similarly situated**                                    **PLAINTIFFS**

**V.**                              **CASE NO. 2:23-cv-213-LPR**

**AMBULANCE SERVICES OF FORREST CITY, LLC.**                                    **DEFENDANT**

---

### BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

---

**ZACHARY B. BUSEY**
Arkansas Bar No. 2016223
zbusey@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
*Pro Hac Vice Forthcoming*
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendant Ambulance Services of Forrest City, LLC*

4854-0862-8639

I.      **INTRODUCTION**

This is an action filed under the Fair Labor Standards Act and the Arkansas Minimum Wage Act.  (Amended Complaint, Doc. 13, ¶ 1.)  Plaintiffs bring individual claims under both.  Plaintiffs further seek relief on behalf of an FLSA collective comprised of current and former employees. (*See, e.g.*, *id.*, ¶ 53.)   Plaintiffs' AMWA claim should be dismissed because it is preempted by their identical FLSA claim.  Notwithstanding preemption, neither Plaintiffs' FLSA claim nor their AMWA claim has been plausibly pleaded.  Without an individual claim, Plaintiffs' FLSA collective claim must be dismissed.  For these and the reasons detailed below, Plaintiffs' claims and this lawsuit should be dismissed.

II.     **PLAINTIFFS' AMENDED COMPLAINT**

As it must, Defendant takes the relevant facts as they are pleaded in the Amended Complaint.  "Defendant's primary business is providing emergency medical services." (Amended Complaint, ¶ 13.)  "Defendant employed Plaintiff Neil Wise as a Paramedic from approximately December of 2021 until approximately September of 2022."  (*Id.*, ¶ 19.)  "Defendant employed Plaintiff Jill Wise as a Paramedic from approximately December of 2021 until present." (*Id.*, ¶ 20.)  Plaintiffs were classified as "nonexempt" and paid an "hourly wage." (*Id.*, ¶ 23.)  "In addition to their hourly wage, Plaintiffs regularly received nondiscretionary bonusses." (*Id.*, ¶ 24.)  Plaintiffs "regularly or occasionally worked in excess of forty hours per week." (*Id.*, ¶ 29.)  "Plaintiffs and other Hourly Employees work between 48 and 72 hours per week because they work two consecutive 24-hour shifts followed by four days off."  (*Id.,* at ¶ 30)  While "Defendant paid Plaintiffs and other Hourly Employees 1.5x times their base hourly rate for the hours they worked over 40 in a workweek . . . . Defendant did not include the incentive

bonuses that were paid to Plaintiffs and other Hourly Employees int their regular rates when calculating their overtime pay. . . ." (*Id.*, ¶¶ 33-34)

Plaintiffs also allege that "Defendant's rounding practice resulted in hours worked by Hourly Employees which went unrecorded and uncompensated." (*Id.*, ¶ 46.) Plaintiffs maintain that "Plaintiffs' and other Hourly Employees' supervisor did not enter Plaintiff's and other Hourly Employees' time correctly; instead, the supervisor shaved time off the beginning and end of Plaintiffs' and other Hourly Employees' shifts by rounding to the nearest even time interval that favored Defendant." (*Id.*, ¶ 42) Accordingly, "[b]ecause Plaintiffs and other Hourly Employees regularly worked over forty hours in a week, the hours which went uncompensated due to Defendant's rounding practices created additional overtime violations." (*Id.*, ¶ 47.) Against this backdrop, Plaintiffs assert the claims identified above: (i) an FLSA overtime claim; (ii) an FLSA collective claim; and (iii) an AMWA overtime claim.

### III.   LEGAL STANDARDS

To survive a motion to dismiss, a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In evaluating the sufficiency of a complaint, a court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party." *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir. 2013) (internal quotation omitted).

That said, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).  A court should likewise disregard "legal conclusions." *Id*.  In sum, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).  "[W]here," like here, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  A court, in response, can and should dismiss the complaint.

## IV.   ARGUMENTS & AUTHORITIES

### A.   Plaintiffs' AMWA claim should be dismissed because it is preempted by their identical FLSA claim.

The Eighth Circuit has not yet addressed the issue of whether remedies under the FLSA are exclusive.  This, however, is not the issue Defendant raises.  Defendant does not contend that the FLSA's remedies are exclusive—not in general and not in this Motion.  Several district courts within this Circuit have similarly held that the FLSA does not preempt state law claims when there is a common core of operative facts.[1]  Here too, however, this is not the issue Defendant raises.  Defendant does not contend that preemption applies when federal and state law claims arise out of a common core of operative facts—not in general and not in this Motion.

---

[1] *See, e.g.*, *Cortez v. Neb. Beef, Inc.*, 266 F.R.D. 275 (D. Neb. 2010); *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 886 (N.D. Iowa 2008); *Robertson v. LTS Mang. Services, LLC*, 642 F. Supp. 2d 922, 928 (W.D. Mo. 2008); *Osby v. Citigroup, Inc.*, 2008 WL 2074102 (W.D. Mo. May 14, 2008).

Instead, with this Motion, Defendant's contention is far narrower and far more specific. Defendant argues that when a plaintiff pleads an FLSA overtime claim and an identical AMWA overtime claim, the FLSA overtime claim preempts the AMWA overtime claim. This is based on the "conflict preemption" doctrine and, here, it should result in the dismissal of Plaintiff's AMWA claim.

The "conflict preemption" doctrine controls when "a party's compliance with both federal and state law would be impossible or where state law would pose an obstacle to the accomplishment of congressional objectives." *In re Aurora Dairy Corp. Organic Milk Marketing & Sales Practices Litig.*, 621 F.3d 781, 794 (8th Cir. 2010) (quotations omitted). Although the FLSA is not the exclusive remedy for wage-and-hour violations, it is the "exclusive remedy for enforcement of rights created under the FLSA." *Roman v. Maietta Const., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998). The FLSA right that is relevant in this case is the payment of overtime wages, and there can be no dispute that this right was created under the FLSA. Because the FLSA creates this right, it provides the exclusive remedy for enforcement of it. A plaintiff is free to pursue a broader or different right under a state law, like the AMWA. But, to the extent a plaintiff pursues a right created under the FLSA—here, the payment of overtime wages—the FLSA controls. Nothing about Plaintiffs' AMWA overtime claim is broader or different than his FLSA overtime claim. They are identical in every respect and, as a result, here, the FLSA preempts Plaintiffs' AMWA claim.

This Court has reached a similar conclusion before, albeit by taking a different path. In *Johnson*, for example, confronted with identical claims under the FLSA and AMWA, the Court explained that it is "unpersuaded that the parties need to do essentially the same thing in two different ways at the same time. The duplication seems to promise both needless effort and

confusion." *Johnson v. Arkansas Convalescent Centers, Inc.*, 2013 WL 3874774, at *2 (E.D. Ark. July 25, 2013) (noting that the AMWA echoes the FLSA for overtime and "[t]here can't be a double recovery" for such a "duplicative claim"); *accord Phillips v. Pine Bluff,* 2008 WL 2351036, at *5 (E.D. Ark. Jun. 4, 2008) ("It does not appear ... that the Arkansas statute imposes a requirement different from that imposed by the Fair Labor Standards Act."); *Ghess v. Kaid,* 2020 WL 7010383, at *11 (E.D. Ark. Nov. 27, 2020) ("[Plaintiff] is not entitled to a double recovery, despite prevailing under the FLSA and the AMWA."); *Whitworth v. French Quarter Partners, LLC,* 2014 WL 12594213, at *9 (W.D. Ark. June 30, 2014) ("Because there can be no double recovery, however, and because the FLSA prescribes a higher minimum wage than the AMWA, the Court proceeds to a determination of damages only under the FLSA.").[2] Here, too, the duplicative claims seem to promise, at a minimum, needless effort. Defendant is not asking the Court to deprive Plaintiffs of any right or argument. Rather, Defendant simply asks the Court to eliminate identical pursuits of the same right. Plaintiffs' AMWA overtime claim, compared to their FLSA overtime claim, is an identical pursuit of the same right. They are identical in every respect. Plaintiffs' FLSA overtime claim, therefore, preempts their AMWA overtime claim, and the second claim should be dismissed.

  **B.** **Notwithstanding preemption, Plaintiffs have not plausibly pleaded their overtime claims.**

For the purposes of this section, "overtime claims" collectively refers to Plaintiffs' FLSA overtime claim and their AMWA overtime claim. Plaintiffs' overtime claims are based on two theories: (1) a regular rate violation (*see, e.g*., Amended Complaint ¶¶ 24-39) and (2) off the

---

[2] *See*, *also Zanders v. Wells Fargo Bank N.A.*, 55 F. Supp. 3d 1163, 1176 (S.D. Iowa 2014) (finding FLSA preempted Plaintiffs' Iowa Wage Payment and Collection Law (IWPCL) claim under the doctrine of conflict preemption where the IWPCL claim was dependent on, and duplicative of, Plaintiffs' FLSA claim); *Epstein v. Des Moines Reg. & Trib. Co*., 2016 WL 11498184, at *3 (S.D. Iowa Feb. 3, 2016) ("The Court finds that Plaintiff's [Iowa Wage Payment Collection Law ("IWPCL")] claim is duplicative of his FLSA claim. Therefore, the FLSA preempts Plaintiff's [IWPCL] claim [and the IWPCL claim] is dismissed.")

clock work (*id.* at ¶¶ 40-51).  With respect to the regular rate violation, Plaintiffs allege that while "Plaintiffs regularly received nondiscretionary bonusses" (*id.*, ¶ 24), "Defendant did not include the incentive bonuses that were paid to Plaintiffs and other Hourly Employees in their regular rates when calculating their overtime pay." (*Id.*, ¶ 34.)  With respect to the "off the clock work," Plaintiffs' allege that Defendant had a "rounding practice" that "resulted in hours worked by Hourly Employees which went unrecorded and uncompensated" thereby creating "additional overtime violations."  (*Id.*, ¶ ¶ 46-47.)   These claims, as pleaded, are not plausible.[3]  Plaintiffs have failed to plead sufficient facts to make their overtime claims plausible.[4]

Although Plaintiffs have sufficiently pleaded facts establishing their employment with Defendant, at least for purposes of this Motion, they have not sufficiently pleaded facts to make their overtime claims plausible.  In terms of factual allegations, as detailed above, Plaintiffs plead that they were classified as "nonexempt" and paid an "hourly wage." (Amended Complaint ¶ 23.)    Plaintiffs "regularly or occasional worked in excess of forty hours per week."  (*Id.*, ¶ 29.) Plaintiffs contend that "Plaintiffs and other Hourly Employees work between 48-72 hours per week because they work two consecutive 24-hour shifts followed by four days off."  (*Id.*, ¶ 30) While "Defendant paid Plaintiffs and other Hourly Employees 1.5x times their base hourly rate for the hours they worked over 40 in a workweek . . . . Defendant did not include the incentive bonuses that were paid to Plaintiffs and other Hourly Employees int their regular rates when calculating their overtime pay." (*Id.*, ¶¶ 33-34.)  Additionally, Plaintiffs generally allege that "the supervisor shaved time off the beginning and end of Plaintiffs' and other Hourly Employees' shifts by rounding to the nearest even time interval that favored Defendant," and "[b]ecause

---

[3] The pleading standards for establishing an AMWA claim should be substantially similar to the pleading standards for establishing an FLSA claim.  In fact, when construing the AMWA, "a court may look for guidance to state and federal decisions interpreting the [FLSA]." Ark. Code Ann. § 11-4-218(f) (West 2019).

[4] Although contemplated for by the FLSA and AMWA, Plaintiffs do not bring minimum wage claims.

Plaintiffs and other Hourly Employees regularly worked over forty hours in a week, the hours which went uncompensated due to Defendant's rounding practices created additional overtime violations." (*Id.*, ¶¶ 42, 47.)

As for any week or period of time in which they (supposedly) were not paid overtime, Plaintiffs' Complaint is devoid of any factual allegation plausibly establishing this. The Eighth Circuit has not addressed the level of detail required to properly plead an off-the-clock theory of recovery, as Plaintiff appears to be doing, *see, e.g.*, *Ash v. Anderson Merch., LLC*, 799 F.3d 957, 962 (8th Cir. 2015), but that is of little consequence given Plaintiff pleads no detail at all. There are no factual allegations in the Amended Complaint so as to make their overtime claims plausible.

To be sure, to sufficiently plead an FLSA claim, "a complainant must show 'as a matter of just and reasonable inference' the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA." *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x. 331, 340 (11th Cir. 2011) (internal quotations omitted). A failure to do so can and should result in dismissal of a plaintiff's complaint. *See, e.g., Rance v. Rocksolid Granit USA, Inc.*, 292 F. App'x. 1, 2 (11th Cir. 2008) (affirming Rule 12(b)(6) dismissal based upon the plaintiff-employee's failure to provide information in the complaint or exhibits about "the amount and extent of [the employee's] work"). For an off-the-clock theory of recovery in particular, a plaintiff-employee must provide at least some approximation of the off-the-clock hours his or her employer required and when those hours were worked. *See, e.g.*, *Lagos v. Monster Painting, Inc.*, 2011 WL 6887116, at *2 (D. Nev. Dec. 29, 2011) ("Plaintiffs' complaint contains no factual allegations that would provide even an approximation of the overtime hours worked, the

regular hourly or weekly wage, or the amount of unpaid overtime wages.").[5]  "A complaint that is devoid of such factual detail," such as Plaintiffs' Complaint, "does not properly state a FLSA unpaid wages claim." *Ray*, 2012 WL 4591922, at *2.[6]  Plaintiffs, in sum, have failed to plead sufficient facts to make their overtime claims plausible.  The claims should be dismissed accordingly.[7]

### C. Without an individual claim, Plaintiffs' FLSA collective claim must be dismissed.

Because Plaintiffs have not pleaded plausible individual claims, as set forth above, their collective claims cannot survive and must be dismissed.  Courts have made clear that FLSA

---

[5] *See also Landers v. Quality Comm's*, 771 F.3d 638, 645 (9th Cir. 2014) (affirming that "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."); *Davis v. Abington Mem'l Hosp'l*, 765 F.3d 236 (3rd Cir. 2014) (holding that nurses and other patient-care professionals failed to state a claim under the FLSA for unpaid overtime because they did not allege any workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours); *DeJesus v. HF Management Services, LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (allegations that the plaintiff worked "more than forty hours per week during 'some or all weeks' of her employment" and was not paid time-and-a-half for each hour in excess of 40 hours amounted only to a recitation of the statutory language of the FLSA and were insufficient to state a claim); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("Plaintiffs have merely alleged that they were not paid for overtime hours worked. These allegations – that Plaintiffs were not compensated for work performed during meal breaks, before and after shifts, or during required trainings – raise the possibility that Plaintiffs were undercompensated in violation of the FLSA . . . [H]owever, absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim for such relief."); *Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) ("where the plaintiff alleges violations of the FLSA's minimum . . . wage provision[], the complaint should, at least approximately, allege the hours worked for which these wages were not received.").

[6] *Cf. Calle v. Chul Sun Kang Or*, 2012 WL 163235, *3 (D. Md. Jan 18, 2012) (holding "allegations, which detail the type of work activities that occupied [employee's] overtime hours as well as the approximate number of hours . . . provide Defendant with sufficient notice about the basis of [the employee's] FLSA claim to enable him to form a response.").

[7] *See also St. Croix v. Genentech, Inc.*, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012) (dismissing employee's complaint for failure to state an overtime claim under the FLSA due to the lack of factual basis from which the Court could make a just and reasonable inference as to the amount and extent of her work); *Jones v. Imaginary Images, Inc.*, 2012 WL 3257888, at *11 (E.D. Va. Aug. 8, 2012) ("Plaintiff fails to indicate the compensation he was entitled to or the number of hours he worked without compensation. The Court therefore finds that Plaintiffs Amended Complaint is devoid of facts to properly state an FLSA unpaid wages claim."); *Ray v. Bon Secours-St. Francis Xavier Hosp.*, 2012 WL 4591922, at *2 (D.S.C. Oct. 1, 2012) (holding the "plaintiff must sufficiently indicate the compensation he was entitled to and the number of hours worked without proper compensation to survive a motion to dismiss"); *Attanasio*, 2011 WL 5008363, at *8 ("A FLSA pleading requires some coherent approximation of time owed."); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) ("At a minimum, [a complaint alleging violations of Section 207] must set forth the approximate number of unpaid regular and overtime hours allegedly worked."); *Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (explaining "the complaint should, at least approximately, allege the hours worked for which these wages were not received" to state an FLSA claim).

collective claims depend on whether the "named plaintiffs are similarly situated to the putative class." *Murray v. Silver Dollar Cabaret, Inc.*, 2017 WL 514323, at *2 (W.D. Ark. Feb. 8, 2017). If the named plaintiff is without an individual claim, a court cannot identify a similarly situated collective. *See, e.g.*, *In re Family Dollar FLSA Litig.*, 637 F.3d 508, 519 (4th Cir. 2011) ("Without a viable claim, [plaintiff] cannot represent others whom she alleged were similarly situated."). And if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . a claim must be dismissed . . . ." *Reyes v. Warner*, 2018 WL 7270883, at *2 (E.D. Ark. Nov. 16, 2018).

Plaintiffs, here, have failed to plausibly plead an individual claim under the FLSA. Their related collective claim, therefore, is a claim on which no relief could be granted. The claim should be dismissed.

## V.     CONCLUSION

Based on the foregoing arguments and authorities, Defendant respectfully requests that the Court grant this Motion and dismiss this lawsuit with prejudice. Defendant requests any additional relief the Court deems warranted under the circumstances.

Respectfully submitted, this, the 25th day of January, 2024.

**ZACHARY B. BUSEY**
Arkansas Bar No. 2016223
zbusey@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
*Pro Hac Vice Forthcoming*
dshauger@bakerdonelson.com
BAKER, DONELSON, BEARMAN
   CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone
***Attorneys for Defendant***