IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**NEIL WISE and JILL WISE, Each Individually**                             **PLAINTIFFS**
**and on Behalf of All Others Similarly Situated**

vs.                          No. 2:23-cv-213-LPR

**AMBULANCE SERVICES OF**                                             **DEFENDANT**
**FORREST CITY, LLC**

## RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT

Defendant's Motion to Dismiss Plaintiffs' First Amended and Substituted Complaint ("Motion") (ECF No. 14) should be denied. Defendant failed to identify any basis for dismissing Plaintiffs' First Amended and Substituted Complaint ("Amended Complaint") (ECF No. 13). Defendant's novel and baseless argument regarding conflict preemption may be dismissed out of hand; courts in the Eighth Circuit, including in this district, routinely manage cases making concurrent claims under both the FLSA and the AMWA. Moreover, the Amended Complaint states adequate facts to support Plaintiffs' claims and fully meets the pleading standards for complaints in this district.

### I. LEGAL STANDARD

"Federal preemption of state law can occur 'through express language in a statute,' or 'through "field" pre-emption or "conflict" pre-emption.'" *Soo Line R.R. Co. v. Werner Enters.*, 825 F.3d 413, 420 (8th Cir. 2016) (quoting *Oneok, Inc. v. Learjet, Inc.*, *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 377 (2015)). Here, because Congress has not expressly foreclosed any state regulation of minimum wages and overtime, Defendant

Page 1 of 8
Neil Wise, et al. v. Ambulance Services of Forrest City, LLC
U.S.D.C. (E.D. Ark.) No. 2:23-cv-213-LPR
Response to Second Motion to Dismiss

must prove that the AMWA claims are unavailable to Plaintiff via implied Congressional preemption of state regulation in this area. A federal law may preempt state law through "conflict preemption" when "either 'compliance with both state and federal law is impossible' or 'the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Soo Line R.R. Co. v. Werner Enters.*, 825 F.3d 413, 420 (8th Cir. 2016) (quoting *Oneok, Inc. v. Learjet, Inc., Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 377 (2015)). Therefore, Defendant must prove that the imposition of both the AMWA and the FLSA is either impossible or that the AMWA prevents the Court from enforcing the full breadth of purpose behind the FLSA.

A court may grant a motion to dismiss only if the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although Rule 8(a)(2) requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," it does not require detailed factual allegations. *Iqbal,* 556 U.S. at 678. Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 677.

## II.   ARGUMENT

### A. The AMWA does not conflict the FLSA and Plaintiffs' claims under both may proceed.

Defendant's arguments regarding conflict preemption appear to rest on a misunderstand of relevant law. According to Defendant, because the claims are

Page 2 of 8
Neil Wise, et al. v. Ambulance Services of Forrest City, LLC
U.S.D.C. (E.D. Ark.) No. 2:23-cv-213-LPR
Response to Second Motion to Dismiss

identical, Plaintiff should not be permitted to bring both. To begin with, this is not conflict preemption. Application of the AMWA in this case in no way obstructs application of the FLSA *because* the two may be applied identically. Defendant may more appropriately argue that Plaintiffs' AMWA claims are merely futile because Plaintiffs cannot recover damages under both bodies of law, but even this argument fails because there is more to the AMWA than its application of overtime law and award of damages.

Defendant implicitly concedes that if Plaintiffs had brought minimum wage claims, AMWA claims would be appropriate because the AMWA provides for a higher minimum wage than the FLSA. *See* Brief in Supp. of Mot. to Dismiss Am. Compl., ECF No. 15, p. 4–5. The basis of Defendant's argument is that the claims are "identical in every respect," and Defendant is correct that the application of AMWA overtime provisions is identical to the application of FLSA overtime provisions. *Id*. at p. 4. Aside from a higher minimum wage, however, the AWMA provides for broader coverage, eliminating the requirement for a minimum gross volume of sales for enterprise coverage and incorporating employers who may not otherwise qualify under the FLSA. *See Ghess v. Kaid*, No. 2:19-cv-21 KGB, 2020 U.S. Dist. LEXIS 222031, at *20–30 (E.D. Ark. Nov. 27, 2020) (comparing FLSA and AMWA coverage and noting "the AMWA's more relaxed provisions related to coverage"). *See also Whitworth v. French Quarter Partners, LLC*, No. 6:13-CV-6003, 2014 U.S. Dist. LEXIS 190419, at *25-26 (W.D. Ark. June 30, 2014) ("In contrast to the requirements for FLSA coverage, there is no minimum annual volume of business that an employer must do in order for the AMWA to be applicable (and obviously no requirement that interstate commerce be implicated)."). This is particularly notable given Defendant's subtle hints that it may

Page 3 of 8
Neil Wise, et al. v. Ambulance Services of Forrest City, LLC
U.S.D.C. (E.D. Ark.) No. 2:23-cv-213-LPR
Response to Second Motion to Dismiss

contest its employer status should the case proceed on the merits. *See* Brief in Supp. of Mot. to Dismiss Am. Compl., p. 6.

Moreover, Courts in this district routinely allow FLSA and AMWA claims to run parallel specifically because the claims are identically analyzed. *See, e.g.*, *Carter v. Primary Home Care of Hot Springs, Inc.*, No. 6:14-CV-6092, 2015 U.S. Dist. LEXIS 181988, at *6 (W.D. Ark. May 14, 2015) ("The FLSA and the AMWA impose similar minimum wage and overtime requirements on employers and, in cases involving claims brought under both acts, the courts have concluded that their parallel provisions should be interpreted in the same manner."). *See also Ghess*, 2020 U.S. Dist. LEXIS 222031; *Whitworth*, 2014 U.S. Dist. LEXIS 190419; *Lyons v. Conagra Foods Packaged Foods, LLC*, No. 4:12-cv-245, 2013 U.S. Dist. LEXIS 193882 (E.D. Ark. Oct. 31, 2013). In each of these cases, the Court evaluated the claims concurrently under both bodies of law and allowed the AMWA to control where appropriate. *Carter*, 2015 U.S. Dist. LEXIS 181988, at *26 (finding coverage and employer status under the AMWA); *Ghess*, 2020 U.S. Dist. LEXIS 222031, at *32–33 (calculating damages under the AMWA); *Whitworth*, 2014 U.S. Dist. LEXIS 190419, at *27 (finding employer status and liability under the AMWA but awarding damages under the FLSA); *Lyons*, 2013 U.S. Dist. LEXIS 193882, at *200 (using the FLSA to interpret and apply the AMWA).

Defendant has provided no evidence that conflict preemption applies here. As noted by this Court, "the Arkansas Department of Labor 'may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of [the Arkansas Minimum Wage Act] . . . except to the extent a different interpretation is clearly required.'" *Helmert*

Page 4 of 8
Neil Wise, et al. v. Ambulance Services of Forrest City, LLC
U.S.D.C. (E.D. Ark.) No. 2:23-cv-213-LPR
Response to Second Motion to Dismiss

*v. Butterball*, 805 F. Supp. 2d 655, 663 n.8 (E.D. Ark. 2011) (quoting 010.14.1 Ark. Code R. § 112). One of the ways in which there is a clearly required different interpretation is with respect to both enterprise coverage and employer status, which Defendant has indicated may come into play in this case. Accordingly, Defendant's request for dismissal due to conflict preemption must be denied.

    **B. The facts alleged in Plaintiffs' Amended Complaint are sufficient to state a claim.**

To state a claim under the FLSA, a plaintiff need only allege that "(1) he was employed by defendant; (2) the work involved interstate activity; and (3) plaintiff performed work for which he was under-compensated." *Drake v. Steak N Shake Operations, Inc.*, No. 4:14-CV-1535-JAR, 2015 U.S. Dist. LEXIS 93078, at *4 (E.D. Mo. July 17, 2015); *See also Williams v. Cent. Transp. Int'l, Inc.*, No. 4:13-CV-2009 (CEJ), 2014 U.S. Dist. LEXIS 46721, at *8 (E.D. Mo. Apr. 4, 2014). In *Drake*, the court found that the plaintiffs sufficiently stated a claim for FLSA violations where they alleged "that they were employed by [the defendant] as Managers, that Managers were misclassified as exempt, that the work involved interstate activity, and that they were undercompensated because they were not paid overtime compensation for their work in excess of forty (40) hours a week." *Id*. at *5.

Likewise, in *Kidwell v. Dig. Intelligence Sys., LLC*, the plaintiff "specified the name of the employee asserting the statutory violation, the employee's job title while working for [the defendant], and the six-month time period during which he allegedly worked over forty hours without being paid time-and-a-half." No. 3:13-CV-4064-B, 2014 U.S. Dist. LEXIS 132992, at *10 (N.D. Tex. Sep. 22, 2014). The court found those were "all factual allegation[s]—not legal conclusions—and, if proven, they give rise to a

Page 5 of 8
Neil Wise, et al. v. Ambulance Services of Forrest City, LLC
U.S.D.C. (E.D. Ark.) No. 2:23-cv-213-LPR
Response to Second Motion to Dismiss

plausible claim for relief."[1] *Id*. at *11; see also *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 4:12-CV-1831, 2013 U.S. Dist. LEXIS 136332, at *9 (S.D. Tex. Sep. 24, 2013) ("The complaint need not be "replete with detailed factual allegations[,]" ... as long as it puts Defendants on notice that the claim is for unpaid overtime and minimum wages under the FLSA."); *Calle v. Chul Sun Kang Or*, Civil Action No. DKC 11-0716, 2012 U.S. Dist. LEXIS 5742, at *6–7 (D. Md. Jan. 18, 2012) ("Because, as a practical matter, the requirements to state such a claim 'are quite straightforward,'...courts have found that plaintiffs satisfy this standard merely by alleging that their employers did not provide them with overtime pay even though they worked in excess of forty hours."); *Sec'y of Labor v. Labbe*, 319 Fed Appx. 761, 765 (11th Cir. 2008) (noting that, unlike complex anti-trust conspiracy claims in *Twombly*, "the requirements to state a claim of a FLSA violation are quite straightforward").

In *Williams v. Central Transport International, Inc.*, the court found that the plaintiff raised a "plausible inference" that he worked overtime hours for which he was not properly compensated even though he did not "specifically allege that [he] worked more than forty hours in a given week." 2014 U.S. Dist. LEXIS 46721, *11 (E.D. Mo. Apr. 4, 2014). The court found sufficient the plaintiff's allegation that "he was subject to defendant's overtime policy, under which he was paid overtime at a rate of one-and-one-half the regular rate for hours worked in excess of fifty-five (55) hours or more during a single workweek." *Id*. (internal quotation marks omitted). The *Williams* court relied on another case in which the plaintiffs "did not specifically allege that [they] worked more than forty hours in one week," because it was sufficient to plead "that a

---

[1] *Kidwell* was ultimately dismissed for want of FLSA coverage. 2014 U.S. Dist. LEXIS 132992 at *12–20.

Page 6 of 8
Neil Wise, et al. v. Ambulance Services of Forrest City, LLC
U.S.D.C. (E.D. Ark.) No. 2:23-cv-213-LPR
Response to Second Motion to Dismiss

defendant violated the FLSA through a policy or practice of refusing to pay employees the appropriate rate for hours worked in excess of forty hours per week." *Id*. at *10–11.

Here, the Amended Complaint alleges facts which establish a violation of the FLSA that is plausible on its face and puts Defendant on notice of Plaintiffs' claims. Plaintiffs alleged that they were employed by Defendant, and that this employment occurred during the relevant time, which is three years prior to the filing of the lawsuit. Am. Compl. ¶ 19–20. Plaintiffs alleged that Defendant employed them as Paramedics. *Id*. Plaintiffs further alleged that they were required to work more than 40 hours per week on a regular, typical basis while working for Defendant. *Id*. at ¶ 30. In fact, Plaintiffs alleged that there was rarely a week of employment in which they did not work more than 40 hours in a workweek because their regular shifts required them to work a minimum of 48 hours per week. *Id*. Plaintiffs further alleged that they received incentive bonuses for working shifts *in addition* to their regular hours, which were always more than 40 in a workweek. *Id*. at ¶ 31. Plaintiffs alleged that although they were paid an overtime premium of 1.5 times their hourly rates, the bonuses were not included in those rates when their overtime premiums were calculated in the weeks in which they received them. *Id*. at ¶ 34. Accordingly, Plaintiffs have alleged that Defendant violated the FLSA by failing to include their bonuses in their regular rates when calculating their overtime premiums in every week in which they received an incentive bonus. This clearly meets the pleading standards in this district.

Further, Plaintiffs alleged that they reported their hours to a supervisor who rounded their time to the nearest 5- or 10-minute interval that favored Defendant, resulting in Plaintiffs and others working up to 10 minutes each shift that were

Page 7 of 8
Neil Wise, et al. v. Ambulance Services of Forrest City, LLC
U.S.D.C. (E.D. Ark.) No. 2:23-cv-213-LPR
Response to Second Motion to Dismiss

unrecorded and uncompensated. Am. Compl. ¶ 41–44. Thus, Plaintiffs have stated an approximation of their off-the-clock hours worked—they worked up to 10 minutes of unrecorded time during each shift in which they reported their hours to the supervisor who shaved their time. Again, these facts form the basis of Plaintiffs' FLSA and AMWA claims, and they are sufficient to put Defendant on notice of Plaintiffs' claims.

### III.   CONCLUSION

Defendant has not provided a basis for dismissal. The doctrine of conflict preemption is wholly inapplicable, and Plaintiffs' Amended Complaint is chock-full of facts that support their claims of both an FLSA and AMWA violation. Defendant's Motion should be summarily dismissed so that litigation in this case may proceed.

Respectfully submitted,

**NEIL WISE and JILL WISE, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 500
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 8 of 8
Neil Wise, et al. v. Ambulance Services of Forrest City, LLC
U.S.D.C. (E.D. Ark.) No. 2:23-cv-213-LPR
Response to Second Motion to Dismiss