IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | |
|---|---|
| **NEIL WISE and JILL WISE, individually and on behalf of all others similarly situated** | **PLAINTIFFS** |
| V.   CASE NO. 2:23-cv-213-LPR | |
| **AMBULANCE SERVICES OF FORREST CITY, LLC.** | **DEFENDANT** |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiffs' AMWA claim should be dismissed because it is preempted by their identical FLSA claim. Notwithstanding preemption, neither Plaintiffs' FLSA claim nor their AMWA claim has been plausibly pleaded. Without an individual claim, Plaintiffs' FLSA collective claim must be dismissed.

**I.    Plaintiffs' AMWA claim should be dismissed because it is preempted by their identical FLSA claim.**

In its Brief, Defendant argued that when a plaintiff pleads an FLSA overtime claim and an identical AMWA overtime claim, the FLSA overtime claim preempts the AMWA overtime claim based on the "conflict preemption" doctrine. (*See generally* Brief in Support of Defendant's Motion to Dismiss Amended Complaint, Doc. 15 at 3-5.) In opposition, Plaintiffs contend that conflict preemption does not apply because: (1) "there is more to the AMWA than its application of overtime law and award of damages" and (2) "Courts in this district routinely allow FLSA and AMWA claims to run parallel specifically because the claims are identically analyzed." (*See* Response, Doc. 16 at 3-4.) Plaintiff's arguments fail because: (i) Defendant's conflict preemption argument is limited to the narrow situation in which a plaintiff pleads an FLSA overtime claim

and an identical AMWA overtime claim, like in this case; and (ii) none of the cases relied on by Plaintiffs considered the question of conflict preemption.

### A. AMWA's Higher Minimum Wage and Scope of Coverage Does Not Negate Defendant's Conflict Preemption with Respect to Overtime Claims.

Plaintiffs concede that "Defendant is correct that the application of AMWA overtime provisions is identical to the application of FLSA overtime provisions." (Response, p.3.) Given this concession Plaintiffs argue that conflict preemption does not apply because AMWA provides for a higher minimum wage than the FLSA and that the AMWA provides for broader coverage than the FLSA. (*Id.*) However, Plaintiffs' argument regarding the minimum wage is inapposite. Plaintiffs do not bring a minimum wage claim. (*See, generally*, Amended Complaint, Doc. 13.) Additionally, Plaintiffs' argument ignores Defendant's theory of conflict preemption. Defendant does not contend, as Plaintiffs' argument suggests, that the FLSA preempts AMWA in all instances. Rather, Defendant set forth a far narrower and far more specific argument that when a plaintiff pleads an FLSA overtime claim and an identical AMWA overtime claim, the FLSA overtime claim preempts the AMWA overtime claim. Specifically, Defendant argued:

> The FLSA right that is relevant in this case is the payment of overtime wages, and there can be no dispute that this right was created under the FLSA. Because the FLSA creates this right, it provides the exclusive remedy for enforcement of it. A plaintiff is free to pursue a broader or different right under a state law, like the AMWA. But, to the extent a plaintiff pursues a right created under the FLSA—here, the payment of overtime wages—the FLSA controls.

(Brief at 4.) Accordingly, Plaintiffs' argument that conflict preemption does not apply because the AMWA provides for a higher minimum wage than the FLSA is not applicable to this case at all.

Plaintiffs next argue that conflict preemption cannot apply because "the AMWA provides for broader coverage, eliminating the requirement for a minimum gross volume of sales for enterprise coverage and incorporating employers who may not otherwise qualify under the FLSA."

(Response at 3.) Plaintiffs contend that "[t]his is particularly notable given Defendant's subtle hints that it may contest its employer status should the case proceed on the merits." (*Id.* at 3-4.) However, in so doing, Plaintiffs appear to be conflating an entity being considered an employer under the FLSA with an entity being covered by the provisions of the FLSA. Defendant does not contest coverage under the FLSA, and Plaintiffs offer no other reason for application of the AMWA. Accordingly, Plaintiffs' argument regarding the expanded coverage of AMWA falls short. Plaintiffs purport to assert identical and duplicative overtime claims under the FLSA and the AMWA. As a result, the first preempts the second, and the second should be dismissed.

> **B. Plaintiffs' Contention that Conflict Preemption Does Not Apply Because Courts Allow FLSA and AMWA Claims to Run Parallel Fails Because None of the Cases Relied on by Plaintiffs Considered the Question of Conflict Preemption.**

Next, Plaintiffs contend that conflict preemption does not apply because "Courts in this district routinely allow FLSA and AMWA claims to run parallel specifically because the claims are identically analyzed." (Response at 4.) In support of its argument, Plaintiffs rely on *Carter v. Primary Home Care of Hot Springs, Inc.*, No. 6:14-CV-6092, 2015 U.S. Dist. LEXIS 181988 (W.D. Ark. May 14, 2015); *Ghess v. Kaid*, No. 2:19-cv-21 KGB, 2020 U.S. Dist. LEXIS 222031 (E.D. Ark. Nov. 27, 2020); *Whitworth v. French Quarter Partners, LLC*, No. 6:13-CV-6003, 2014 U.S. Dist. LEXIS 190419 (W.D. Ark. June 30, 2014); and *Lyons v. Conagra Foods Packaged Foods, LLC*, No. 4:12-cv-245, 2013 U.S. Dist. LEXIS 193882 (E.D. Ark. Oct. 31, 2013). Plaintiffs argue that "[i]n each of these cases, the Court evaluated the claims concurrently under both bodies of law and allowed the AMWA to control where appropriate." (Response at 4.) But what Plaintiffs do not tell the Court is that none of these cases considered the argument of conflict preemption, and none of them dealt with a plaintiff pleading *only* identical and duplicative overtime claims under the FLSA and AMWA. Indeed, these cases all present factual scenarios much broader than

the narrow set of circumstances in this case. Specifically, *Carter*, *Whitworth*, and *Ghess* are all independent contract misclassification cases in which coverage under the FLSA was at issue, and *Lyons* deals with whether AMWA requires employers to compensate employees for donning and doffing. *See, generally*, *Carter,* 2015 U.S. Dist. LEXIS 181988, at *6; *Ghess*, 2020 U.S. Dist. LEXIS 222031; *Whitworth*, 2014 U.S. Dist. LEXIS 190419; and *Lyons*, 2013 U.S. Dist. LEXIS 193882.  The fact that courts allow FLSA and AMWA claims to run concurrently does not nullify Defendant's argument nor any part of this Motion. In a narrow situation when a plaintiff pleads an FLSA overtime claim and an identical AMWA overtime claim, the FLSA overtime claim preempts the AMWA overtime claim. Nothing in Plaintiff's Response successfully rebuts this argument.

### II. Notwithstanding preemption, Plaintiffs have not plausibly pleaded their overtime claims.

Plaintiffs' Amended Complaint fails to plead plausible overtime claims. The allegations contained in the Amended Complaint are conclusory and threadbare. While the Eight Circuit has not addressed the level of detail required to properly plead an off-the-clock theory of recovery, as Plaintiffs appear to be doing, *see, e.g., Ash v. Anderson Merch., LLC*, 799 F.3d 957, 962 (8th Cir. 2015), that is of little consequence given Plaintiffs plead no detail at all. There are no factual allegations in the Amended Complaint so as to make their overtime claims plausible. Despite Plaintiffs' best efforts to frame their allegations in a way to meet to pleading standard, these efforts fail. For an off-the-clock theory of recovery in particular, a plaintiff-employee must provide at least some approximation of the off-the-clock hours his or her employer required and when those hours were worked. *See, e.g.*, *Lagos v. Monster Painting, Inc.*, 2011 WL 6887116, at *2 (D. Nev. Dec. 29, 2011). "A complaint that is devoid of such factual detail," such as Plaintiffs' Complaint, "does not properly state a FLSA unpaid wages claim." *Ray*, 2012 WL 4591922, at *2. Indeed, in, *Jones v. Casey's General Stores*, the Court held that a minimum

wage claim[1] under the FLSA did not state a claim upon which relief could be granted because the plaintiff failed to allege the number of hours that she supposedly worked each week. 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) ("Here, Plaintiffs' Amended Complaint provides only generic, conclusory assertions of a right to relief under the FLSA minimum wage provisions. Indeed, the face of the Amended Complaint in this case fails to contain a single factual allegation that would permit an inference that even one member of the Plaintiffs' collective has 'a right to relief above the speculative level.'"). Plaintiffs allegations here fare no better. Accordingly, Plaintiffs have not plausibly plead their overtime claims.

### III. Without an individual claim, Plaintiffs' FLSA collective claim must be dismissed.

Because Plaintiffs have not pleaded plausible individual claims, as set forth above, their collective claims cannot survive and must be dismissed. Courts have made clear that FLSA collective claims depend on whether the "named plaintiffs are similarly situated to the putative class." *Murray v. Silver Dollar Cabaret, Inc.*, 2017 WL 514323, at *2 (W.D. Ark. Feb. 8, 2017).

### IV. Conclusion

Based on the foregoing arguments and authorities, Defendant respectfully requests that the Court grant this Motion and dismiss this lawsuit with prejudice. Defendant requests any additional relief the Court deems warranted under the circumstances.

Respectfully submitted, this, the 12th day of February, 2024.

    **ZACHARY B. BUSEY**
    Arkansas Bar No. 2016223
    zbusey@bakerdonelson.com

    **DEAN J. SHAUGER**
    Tennessee Bar No. 39746

---

[1] The *Jones* case discussed the Court's inability to determine if the minimum wage requirement was satisfied when a complaint fails to allege the number of hours per week that an employee is alleging she worked. Similarly, in this case, it is impossible to determine if Plaintiffs were owed any additional pay from the facts alleged.

*Pro Hac Vice Forthcoming*
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

***Attorneys for Defendant***