**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**NEIL WISE and JILL WISE, individually and on**                          **PLAINTIFFS**
**behalf of all others similarly situated**

**V.**                                                                    **CASE NO. 2:23-cv-213-LPR**

**AMBULANCE SERVICES OF**                                                 **DEFENDANT**
**FORREST CITY, LLC.**

---

## DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES

---

In response to Plaintiffs' First Amended and Substituted Complaint (Doc. 13), Defendant responds to the specific allegations set forth in it. Except to the extent an allegation is expressly and unambiguously addressed below, Defendant denies each and every allegation of the Complaint, and further denies that Plaintiffs are entitled to any relief whatsoever.

## I.        PRELIMINARY STATEMENTS

1.        Defendant admits that Plaintiffs claim to bring this action pursuant stated laws, but denies the remaining allegations in Paragraph 1.

2.        Defendant denies the allegations in Paragraph 2 and further denies that Plaintiffs (or any supposedly similarly situated individual) are entitled to any relief whatsoever.

3.        The allegations in Paragraph 3 are statements of law, legal conclusions, or both to which no response is required. But to the extent any allegation in Paragraph 3 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

## II.       JURISDICTION AND VENUE

4.        The allegations in Paragraph 4 are statements of law, legal conclusions, or both to which no response is required. But to the extent any allegation in Paragraph 4 purports to entitle

Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it. Defendant, however, does not contest whether this Court has jurisdiction under Title 28, United States Code, Section 1331.

5.      The allegations in Paragraph 5 are statements of law, legal conclusions, or both to which no response is required. But to the extent any allegation in Paragraph 5 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it. Defendant, however, does not contest whether this Court has jurisdiction under Title 28, United States Code, Section 1367(a).

6.      Denied; however, Defendant does not contest that venue is proper under Title 28, United States Code, Section 1391.

7.      Defendant admits it does business in this District, Defendant denies the remaining allegations in Paragraph 7 and further denies that Plaintiffs (or any supposedly similarly situated individual) are entitled to any relief whatsoever.

### III.      THE PARTIES

8.      Admitted upon information and belief.

9.      Admitted upon information and belief.

10.      Admitted.

11.      Defendant admits its registered agent for Arkansas is C T Corp., but denies the remaining allegations in Paragraph 11.

### IV.      FACTUAL ALLEGATIONS

12.      Defendant incorporates its responses to all preceding Paragraphs.

13.      Denied.

14.      Defendant admits that it has a facility in Forrest City, St. Francis County, Arkansas,

but denies the remaining allegations in Paragraph 14.

15.     Admitted.

16.     The allegations in Paragraph 16 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any allegation in Paragraph 16 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

17.     Defendant admits that it has had annual gross volume of sales made or business done of not less than $500,000.00 in each of the three years preceding the filing of this lawsuit, but denies the remaining allegations in Paragraph 17.

18.     The allegations in Paragraph 18 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any allegation in Paragraph 18 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

19.     Defendant admits that it employed Plaintiff Neil Wise during the period of December 2021 to September 2022, but denies the remaining allegations in Paragraph 19.

20.     Defendant admits that it employed Plaintiff Jill Wise in or around January 2022 and through the date this action was filed, but denies the remaining allegations in Paragraph 20.

21.     Although Defendant admits that it employed hourly employees during the three years preceding the filing of this lawsuit, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 21, such as the identity of the employees to which Plaintiffs refer. This statement has the effect of a denial of those remaining allegations, *see* Fed. R. Civ. P. 8(b)(5).

22.     Defendant admits that it hired Plaintiffs and controlled their work schedules, duties, assignments, and kept at least some records regarding their employment. Defendant is without knowledge or information sufficient to form a belief as to allegations in Paragraph 22 regarding "other Hourly Employees." This statement has the effect of a denial of those allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies any remaining allegation in Paragraph 22.

23.     Admitted.

**A.  Bonuses – Regular Rate Violation**

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Defendant admits that it paid Plaintiffs overtime premiums when they worked over 40 in a workweek, but denies the remaining allegations in Paragraph 33.

34.     Denied.

35.     Defendant denies that Paragraph 35 quotes the full text of the identified regulation and, therefore, denies the allegations in Paragraph 35.

36.     Denied.

37.     Denied.

38.   Denied.

39.   Denied.

**B.  Rounding – Off the Clock Work**

40.   Defendant admits that it tracked Plaintiffs' working time and had a system for doing so. Defendant is without knowledge or information sufficient to form a belief as to allegations in Paragraph 40 regarding "other Hourly Employees." This statement has the effect of a denial of those allegations, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies any remaining allegation in Paragraph 40.

41.   Denied.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Denied.

50.   Denied.

51.   Denied.

## V.      REPRESENTATIVE ACTION ALLEGATIONS.

52.   Defendant incorporates its responses to all preceding Paragraphs.

53.   Defendant admits that Plaintiffs purport to bring their claims as a collective action under the FLSA. Defendant denies the remaining allegations in Paragraph 53 and further denies

that Plaintiffs (or any supposedly similarly situated individual) are entitled to any relief whatsoever.

54.    Defendant denies that Plaintiffs can bring this action on behalf of the proposed "collective" defined in Paragraph 54 and, therefore, denies the allegations in Paragraph 54.

55.    The allegations in Paragraph 55 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any allegation in Paragraph 55 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

56.    The allegations in Paragraph 56 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any allegation in Paragraph 56 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

62.    Defendant incorporates its responses to all preceding Paragraphs.

63.    Defendant admits that Plaintiffs purport to assert the claims they assert. Defendant denies the remaining allegations in Paragraph 63 and further denies that Plaintiffs (or any supposedly similarly situated individual) are entitled to any relief whatsoever.

4859-4268-8981

64.     The allegations in Paragraph 64 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any allegation in Paragraph 64 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

65.     The allegations in Paragraph 65 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any allegation in Paragraph 65 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

66.     Admitted.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

### VII.    SECOND CLAIM FOR RELIEF
### (Collection Action Claim for Violation of the FLSA)

74.     Defendant incorporates its responses to all preceding Paragraphs.

75.     Defendant admits that Plaintiffs purport to assert the claims they assert. Defendant denies the remaining allegations in Paragraph 75 and further denies that Plaintiffs (or any supposedly similarly situated individual) are entitled to any relief whatsoever.

76.     The allegations in Paragraph 76 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any allegation in Paragraph 76 purports to entitle

Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

77. The allegations in Paragraph 77 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any allegation in Paragraph 77 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

78. Defendant admits that Plaintiffs were classified as nonexempt. Defendant is without knowledge or information sufficient to form a belief as to the alleged "similarly situated employees." This statement has the effect of a denial of this allegation, *see* Fed. R. Civ. P. 8(b)(5), and Defendant denies any remaining allegation in Paragraph 78.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

87. Defendant incorporates its responses to all preceding Paragraphs.

88. Defendant admits that Plaintiffs purport to bring their claims as a collective action under the AMWA. Defendant denies the remaining allegations in Paragraph 88 and further denies

4859-4268-8981

that Plaintiffs (or any supposedly similarly situated individual) are entitled to any relief whatsoever.

89.     The allegations in Paragraph 89 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any allegation in Paragraph 89 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

90.     The allegations in Paragraph 90 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any allegation in Paragraph 90 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

91.     Defendant admits that Plaintiffs were classified as nonexempt. The remaining allegations in Paragraph 91 are a statement of law, a legal conclusion, or both to which no response is required. But to the extent any of the remaining allegations in Paragraph 91 purports to entitle Plaintiffs (or any supposedly similarly situated individual) to any relief whatsoever, Defendant denies it.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

## IX.    PRAYER FOR RELIEF

Defendant denies the allegations contained in this unnumbered paragraph, including all subparts thereto, and further denies that Plaintiffs (or any supposedly similarly situated individual) are entitled to any relief whatsoever.

4859-4268-8981

## AFFIRMATIVE DEFENSES

Without prejudice or waiver of the foregoing, Defendant asserts, relies on, and pleads any defense to which Defendant may be entitled under any applicable federal, state, or local law or regulation, including the following:

### FIRST AFFIRMATIVE DEFENSE

The Arkansas Minimum Wage Act claims are barred, in whole or in part, because they are preempted by the Fair Labor Standards Act.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, under the applicable statute(s) of limitations and/or repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not similarly situated to any current or former employee of Defendant; therefore, no cognizable collective or class of any kind can be formed or recognized.

### FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and any supposedly similarly situated individual are so dissimilar that the joinder of any supposedly similarly situated individual would constitute the misjoinder of a party pursuant to Federal Rule of Civil Procedure 21.

### FIFTH AFFIRMATIVE DEFENSE

Conditional or collective certification of any kind not done in accordance with Federal Rule of Civil Procedure 23 violates the Rules Enabling Act.

### SIXTH AFFIRMATIVE DEFENSE

Conditional or collective certification of the type prayed for in the Complaint (or based on the Complaint's allegations) violates the Rules Enabling Act, especially as it relates to defenses

Defendant has to specific allegations, e.g., the failure to report alleged "off the clock" work, if any, and also the absence of any cognizable or actionable harm under the Fair Labor Standards Act.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, because they submitted, certified, verified, ratified, and/or approved all hours worked (or other time they believed they should have been paid for).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, because they concealed, failed to record, or failed to bring to the attention of their employer any time worked for which they now claim they did not receive compensation.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, because non-working and non-compensable break, leave, or lunch time was nevertheless compensated, thus providing an offset for any alleged unpaid time asserted to be compensable.

**TENTH AFFIRMATIVE DEFENSE**

At all relevant times, Defendant acted in conformity with written administrative regulations, orders, rulings, or interpretations of the Fair Labor Standards Act, as made by the Wage and Hour Division of the Department of Labor, as well as any applicable regulatory guidelines.

*******************

4859-4268-8981

## ELEVENTH AFFIRMATIVE DEFENSE

Any alleged violation of the Fair Labor Standards Act was not willful; therefore, any claim for damages, wages, or pay is barred to the extent such claim is based on events or allegations that occurred more than two years prior to the date this lawsuit was filed and/or prior to the date of joining this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

As Defendant acted in good faith and had reasonable grounds to believe its actions did not violate the Fair Labor Standards Act, nor the Arkansas Minimum Wage Act, any and all claims for liquidated damages are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any compensation sought by Plaintiffs or any supposedly similarly situated individual must be offset by any payment already made during the relevant time period in excess of the applicable state or federal minimum wage.

## FOURTEENTH AFFIRMATIVE DEFENSE

Amounts excluded from the calculation of the regular rate of pay must likewise be excluded from the calculation of any overtime rate of pay that may be found to be due to Plaintiffs or any supposedly similarly situated individual.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, to the extent they did not work (or do not even claim to have worked) more than 40 hours in any given week.

*******************

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, because they seek recovery of unpaid time that is *de minimis*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, by the doctrines of waiver, estoppel, res judicata, and/or unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, because alleged damages, if any, are the result of their own actions or inactions, or the actions or inactions of third parties, such actions or inactions being the sole proximate cause of alleged damages or, in the alternative, a contributing cause of such alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, because alleged damages, if any, were proximately caused by an independent intervening cause over which Defendant had no control nor right to control.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, because they failed to appropriately mitigate any alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, because they were at all times treated fairly, reasonably, and lawfully in connection with any employment.

4859-4268-8981

## TWENTY-SECOND AFFIRMATIVE DEFENSE

In the event Defendant discovers or otherwise learns of evidence to which the "after acquired evidence" doctrine applies, Plaintiffs and/or any supposedly similarly situated individual shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual may be barred, in whole or in part, to the extent they are found to be frivolous, groundless, and/or unreasonable. In such a case, Defendant is entitled to attorney fees and other costs incurred in connection with the defense of this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any supposedly similarly situated individual are barred, in whole or in part, by additional affirmative defenses and after acquired evidence that may arise during these proceedings.

## PRAYER FOR RELIEF

Defendant respectfully prays that this Court:

1.      Enter an order dismissing with prejudice the Complaint and all claims therein;

2.      Award Defendant the costs and attorney fees incurred by it in connection with this action; and

3.      Grant Defendant any such other, further, or proper relief to which it may be entitled.

Respectfully submitted, this, the 9th day of August 2024.

ZACHARY B. BUSEY
Arkansas Bar No. 2016223
zbusey@bakerdonelson.com

DEAN J. SHAUGER
Tennessee Bar No. 39746

*Pro Hac Vice Forthcoming*
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

***Attorneys for Defendant***

4859-4268-8981